UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SURGERY CENTER OF VIERA, LLC,

      Plaintiff,

v.                               Case No:  6:17-cv-754-Orl-40TBS

SOUTHEASTERN SURVEYING AND
MAPPING CORPORATION, BLUE
CROSS AND BLUE SHIELD OF
FLORIDA, INC., JAMES PETERSEN and
SOUTHEASTERN SURVEYING AND
MAPPING WELFARE PLAN,

      Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss Amended Complaint. (Doc 28). I have read the parties' motion papers and held a January 24, 2018 hearing where counsel argued their positions. Now, after due consideration, I respectfully recommend that the motion be granted, and that Plaintiff's complaint be dismissed with prejudice.

## I. Background

Plaintiff Surgery Center of Viera, LLC provided medical services to KR in return for an assignment ("Assignment") of his benefits under the Southeastern Surveying and Mapping Welfare Plan ("Plan") (Doc. 20, ¶¶ 28-31). The Assignment includes all of KR's "medical and other health care benefits, insurance payments and any other payment or reimbursement for health care services rendered to" KR by Plaintiff "regardless of its managed care network participation or contract status." (Doc. 20 at 12). KR also assigned to Plaintiff "[t]o the full extent permitted by law, including without limitation

29 U.S.C. sections 1132(a)(1) and 1132(a)(3) … any legal, administrative or contractual claim pursuant to any group health plan, benefit plan, health care insurance or third party liability insurance concerning medical expenses incurred as a result of the health care services" KR received from Plaintiff (Id.). The Assignment includes "any ERISA breach of fiduciary duty claim and any other statutory, regulatory, administrative or other legal claim." (Id.).

The Plan is self-insured by Defendant Southeastern Surveying and Mapping Corporation[1] (Id., ¶ 6). Defendant James Petersen is the Plan Administrator, and Defendant Blue Cross and Blue Shield of Florida, Inc. provides administrative services to the Plan (Id., ¶¶ 7, 9). Plaintiff is an "out-of-network" provider of services to members of the Plan (Id., ¶ 26). This means Plaintiff is not contractually bound to accept a negotiated rate or fee for the services it furnishes to Plan beneficiaries (Id., ¶¶ 21, 26).

Plaintiff billed Blue Cross $286,112 for services rendered to KR (Id., ¶ 32). Blue Cross paid Plaintiff $37,799.91 for those services (Id., ¶ 34). Plaintiff appealed to Blue Cross, on three occasions, the denial of the balance of its billing (Id., ¶¶ 35-37). Those appeals were not successful,[2] and Plaintiff filed this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA") (Id.). Count I of Plaintiff's amended complaint alleges that Defendants breached the terms of the Plan by paying Plaintiff less than the full amount of its bill without providing valid evidence or information to support the payment decision in violation of § 502(a) of ERISA (Id., ¶¶ 50-59). Count II alleges that 29 U.S.C. § 1132(a)(3) imposes on Defendants fiduciary duties of loyalty and care

---

[1] Defendants dispute this assertion and represent that the Plan is "fully insured" by Blue Cross Blue Shield (Doc. 28 at 1, n. 1).
[2] Although not evidenced in the record, counsel for Blue Cross acknowledged at the January 24, 2018 hearing that Plaintiff has exhausted its administrative appeals.

toward Plaintiff (Id., ¶¶ 60-66). Defendants allegedly breached these duties by arbitrarily and capriciously failing to pay Plaintiff the amount it is owed for the treatment provided to KR (Id.). Count III asserts that Defendants Southeastern, Petersen and the Plan failed to furnish copies of the Plan documents to Plaintiff in violation of 29 U.S.C. § 1132(c)(1)(B) (Id., ¶¶ 67-69).

The Plan contains the following anti-assignment clause:

> Assignment of Benefits to Providers
>
> Except as set forth in the last paragraph of this section, we will not honor any of the following assignments, or attempted assignments, by you to any Provider:
>
> - An assignment of the benefits due to you for Covered Services under this Benefit Booklet;
>
> - An assignment of your right to receive payments for Covered Services under this Benefit Booklet; or
>
> - an assignment of a claim for damage resulting from a breach, or an alleged breach, of the Group Master Policy.
>
> We specifically reserve the right to honor an assignment of benefits or payment by you to a Provider who: 1) is In-Network under your plan of coverage; 2) is a NetworkBlue Provider even if that Provider is not in the panel for your plan of coverage; 3) is a Traditional Program Provider; 4) is a BlueCard® (Out-of-State) PPO Program Provider; or 5) is a BlueCard® (Out-of-State) Traditional Program Provider.

(Doc. 28-2 at 36). Defendants seek dismissal of the amended complaint on the grounds that: (1) by virtue of the anti-assignment clause, Plaintiff lacks standing to assert its claims; (2) Plaintiff has failed to allege that it has exhausted its administrative remedies; (3) Plaintiff has not alleged that Defendants breached a specific provision of the Plan; (4) Count I seeks legal damages on a claim for which Congress has only authorized equitable remedies; (5) Count I against Southeastern, Petersen and the Plan should be

dismissed because the Plan delegates all authority to Blue Cross; (6) Plaintiff is barred from asserting Count II because it seeks the same relief in Count I; (7) Count II fails to plead with sufficient particularity, a claim for equitable relief; (8) Count II seeks legal relief on a claim for which Congress has only authorized equitable remedies; (9) the exhibits to the amended complaint contradict and nullify the averments of Count III; (10) Plaintiff lacks standing to bring Count III; and (11) Southeastern, Petersen and the Plan are not required by law to furnish the documents Plaintiff complains it did not receive (Doc. 28).

Plaintiff contends that the Assignment gives it derivative standing to bring these claims (Doc. 36 at 4). It argues that the anti-assignment clause does not nullify an assignment from a patient to a hospital or physician or, alternatively, that the anti-assignment clause is not sufficiently explicit to bar Plaintiff's claims (Id., at 5). Plaintiff also argues that Defendants are estopped from raising the anti-assignment clause as a defense because they failed to assert it before suit was filed (Id.). Plaintiff maintains that it has sufficiently alleged exhaustion of its administrative remedies or, alternatively, the requirement should be excused (Id., at 6). It claims that it is not required to allege the terms of the Plan Defendants breached; rather, Defendants must disclose the basis for their claims decisions (Id., at 7). Plaintiff maintains that Southeastern, Petersen and Blue Cross are in fact, Plan fiduciaries (Id., at 8-9). And, while Plaintiff is only entitled to one recovery, it says that at this point in the case, it can pursue alternative causes of action (Id., at 10-11). Plaintiff argues that Count II sufficiently pleads a claim for equitable relief and that as assignee of KR's rights, it has standing to sue under 29 U.S.C. § 1132(c) (Id., at 11-13). Plaintiff also insists that it made a proper demand for copies of the Plan documents, and that Defendants were under a legal obligation to produce them (Id., at 13-14).

- 4 -

## II. Legal Standards

Claims under ERISA are subject to the simplified pleading standard in FED. R. CIV. P. 8. Hollowell v. Cincinnati Ventilating Co., Inc., 711 F.Supp.2d 751, 758 (E.D. Ky. April 29, 2010). Under Rule 8, the court construes pleadings "liberally in order to prevent errors in draftsmanship from barring justice to litigants." Id. (quoting Minadeo v. ICI Paints, 398 F.3d 751, 762 (6th Cir. 2005).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. In order to survive the motion, the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In evaluating a complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of any factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679). "Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law." Sanctuary Surgical Centre, Inc. v. Aetna, Inc., No. 11-80799-CV, 2012 WL 993097, at * 2 (S.D. Fla. Mar. 22, 2012) (citing Marshall Cnty Bd. of Educ. V. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## III. Discussion

The law recognizes two categories of persons who can sue for benefits under an ERISA-governed plan: plan beneficiaries and plan participants. 29 U.S.C. § 1132(a)(1);

<u>Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.</u>, 371 F.3d 1291, 1294 (11th Cir. 2004). A plan "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). A plan "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). Because they are not plan beneficiaries or participants, healthcare providers do not have standing to sue under ERISA.[3] <u>W.A. Griffin v. Coca-Cola Enterprises, Inc.</u>, 686 F. App'x 820, 821 (11th Cir. 2017); <u>Sanctuary Surgical Centre, Inc. v. Aetna, Inc.</u>, 546 F. App'x 846, 851 (11th Cir. 2013); <u>Physicians Multispecialty Group</u>, 371 F.3d at 1294. A healthcare provider can acquire derivative standing by obtaining a written assignment of benefits from a beneficiary or participant in an ERISA-governed plan. <u>Id.</u>

Plaintiff did not attach a copy of the Plan to its amended complaint, but Defendants attached a copy to their motion to dismiss (Doc. 28-2). On a Rule 12(b)(6) motion, the court is generally "limited to the four corners of the complaint." <u>Speaker v. U.S. Dep't of Health & Human Servs.</u>, 623 F.3d 1371, 1379 (11th Cir. 2010) (quoting <u>St. George v. Pinellas Cty.</u>, 285 F.3d 1334, 1337 (11th Cir. 2002). If the motion relies on matters outside the pleadings, then ordinarily, the court will convert the motion to one for summary judgment under Rule 56. Fᴇᴅ. R. Cɪᴠ. P. 12(d). However, there is an applicable

---

[3] "Standing" in this context does not mean justiciability. Rather, the issue is whether the plaintiff has a nonfrivolous claim under the statutes it relies on <u>Physicians Multispecialty Group</u>, 371 F.3d at 1293; <u>Griffin v. Habitat for Humanity Int'l, Inc.</u>, 641 F.App'x 927, 929-30 (11th Cir. 2016).

qualification to the rule. "[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997); FactorTrust, Inc. v. Evanston Ins. Co., No. 1:16-cv-2711-LMM, 2017 WL 3473223 (N.D. Ga. Jan. 3, 2017). On a motion to dismiss pursuant to Rule 12(b)(6) "[c]ourts may consider ERISA plan documents not attached to a complaint where a plaintiff's claims are 'based on rights under plans which are controlled by the plans' provisions as described in the plan documents' and where the documents are 'incorporated through reference to the plaintiff's rights under the plans, and they are central to plaintiff's claims.'" Hollowell, 711 F.Supp. at 758 (quoting Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997)). Because Plaintiff alleges that Defendants both breached the Plan and failed to produce Plan documents, I find that the copy of the Plan attached to the motion to dismiss is central to Plaintiff's claims and may be considered by the Court without converting Defendants' motion to a motion for summary judgment.[4]

The anti-assignment clause in the Plan states that no assignment of benefits or the right to receive payments for covered services will be honored except in circumstances not present here. The wording of the anti-assignment clause unequivocally and unambiguously precludes Plaintiff's enforcement of the Assignment. In this circuit:

> ... an unambiguous anti-assignment provision in an ERISA-
> governed welfare benefit plan is valid and enforceable, and
> will operate to void the assignment. If there is such an

---

[4] I also note that Plaintiff does not dispute the authenticity of the Plan document and has not objected to its consideration by the Court.

> unambiguous anti-assignment provision, the healthcare
> provider will lack derivative standing and cannot maintain the
> ERISA action. Further, ERISA expressly preempts state laws
> that relate to employee benefit plans, and self-insured plans
> generally are deemed to not be insurers for purposes of state
> insurance laws.

W.A. Griffin., 686 F. App'x at 821-22 (11th Cir. 2017) (internal citations omitted);

Physicians Multspeciality Group, 371 F.3d at 1294-95 (11th Cir. 2004) (collecting cases).

Plaintiff fails to cite any contradictory Eleventh Circuit authority. Instead, it relies on the Eighth Circuit's decision in Lutheran Medical Center of Omaha, Neb. v. Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan, 25 F.3d 616, 619 (8th Cir. 1994), *abrogated on other grounds by* Martin v. Arkansas Blue Cross & Blue Shield, 299 F.3d 966 (8th Cir. 2002), and the Fifth Circuit's decision in Hermann Hosp. v. MEBA Medical & Benefits Plan, 959 F.2d 569, 574-75 (5th Cir. 1992) *overruled in part by* Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co., 698 F.3d 229, 230 (5th Cir. 2012) (*en banc*). These decisions are not binding on the Court, and are contrary to the legal authority the Court must follow. Based upon controlling Eleventh Circuit decisions, I conclude as a matter of law that the anti-assignment clause in the Plan bars all of Plaintiff's claims.

Perhaps anticipating this result, Plaintiff argues that Defendants are estopped from enforcing the anti-assignment clause because they did not assert it until after this lawsuit was filed (Doc. 36 at 5). Plaintiff's argument fails because Defendants had no reason to raise the clause as a defense prior to suit. As one court has observed:

> Plaintiffs respond that [Defendant] is estopped from asserting
> the anti-assignment clauses now because they failed to assert
> them at any time throughout the parties' protracted dealings. [
> ] Defendant would have had no occasion to assert the anti-
> assignment clauses when Plaintiffs previously demand
> payment … As such, Plaintiffs' reliance on Herman[n] Hospital

- 8 -

is misplaced, and there is no basis to estop Defendant from
asserting the clauses.

<u>Sanctuary Surgical Ctr., Inc. v. Aetna, Inc.</u>, No. 11-80799-CV, 2012 WL 993097, at *2

(S.D. Fla. Mar. 22, 2012).

Plaintiff's argument also fails because:

> Although ERISA is a comprehensive statute designed to
> federalize the regulation of employee welfare benefit plans,
> the Eleventh Circuit has recognized that the statute contains
> interstices which the federal courts are expected to fill in with a
> federal common law of rights and regulations under ERISA-
> regulated plans. To fill the gaps, courts in this Circuit have
> crafted a very narrow common law doctrine under ERISA for
> equitable estoppel when (1) the provisions of the plan at issue
> are ambiguous, and (2) representations are made which
> constitute an oral interpretation of the ambiguity. Conversely,
> estoppel is not available either (1) for oral *modifications* (as
> opposed to interpretations); or (2) when the written plan is
> unambiguous. To determine whether an ambiguity exists in
> the terms of an insurance contract, courts look at the entirety
> of the contract. In doing so, courts may not rewrite contracts or
> add meaning to create an ambiguity.

<u>Griffin v. Blue Cross & Blue Shield of Ala.</u>, 157 F.Supp.3d 1328, 1331-32 (N.D. Ga. 2015)

(internal quotations, alterations and citations omitted). The anti-assignment clause is not

ambiguous and Plaintiff has not alleged any oral representations made by Defendants.

Consequently, the doctrine of equitable estoppel does not prevent Defendants from

asserting the anti-assignment clause as a complete defense to Plaintiff's claims.

For these reasons, I find Defendants' argument based on the anti-assignment

clause dispositive, and that granting Plaintiff leave to further amend its complaint would

be futile. Because this finding, if adopted by the district judge, will dispose of the entire

case, I have not discussed Defendants' remaining arguments.

### IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Plaintiff's

amended complaint be **DISMISSED with PREJUDICE**, and that the Clerk be directed to **TERMINATE** any pending motions and **CLOSE** the file.

### V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 31, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record